LINDSAY (FOSTER v.). See Cases Nos. 4,975 and 4,976.

LINDSAY (HARRIS v.). See Cases Nos. 6,123 and 6,124.

LINDSAY (McCOBB v.). See Case No. 8,704.

---

## Case No. 8,366.

### LINDSAY v. RIGGS.

Circuit Court, District of Columbia. December Term. 1811.

[Cited in Paul v. Lowery, Case No. 10,844, to the point that a deposition may be read in evidence in the circuit court of the District of Columbia which deposition purports to be taken before the superintendent of the city of Charleston, and is certified under the seal of the corporation, and taken in due form under the act of congress, without other proof of the fact that the superintendent was the magistrate of the city than is contained in his own certificate and the official seal, and the further evidence introduced and proved by the testimony of a witness that the superintendent before whom the deposition was taken was the intendant and chief magistrate of the city of Charleston at the date of the certificate, and that he believed it was the seal of the corporation, but did not know the handwriting.]

[Also cited in a note to Waller v. Stewart, Case No. 17,109, upon the question whether the calling for and inspecting the books of the opposite party authorizes the owner to read them in evidence, if the party calling for them refuses to use them.]

[NOTE. This case was taken to the supreme court upon writ of error by one of the defendants, and the judgment of the circuit court was affirmed; but, in the opinion delivered therein by Mr. Justice Livingston, the two points to which the case was cited as noted above were not considered. Riggs v. Lindsay, 7 Cranch (11 U. S.) 500.]

---

## Case No. 8,367.

### LINDSAY v. TWINING.

[1 Cranch, C. C. 206.] [1]

Circuit Court, District of Columbia. Dec. Term. 1804.

PRACTICE AT LAW—REINSTATEMENT OF CAUSE.

The court will not, at a subsequent term, reinstate a cause which has been non prossed for want of security for costs.

Non pros. at last term for want of security for costs.

Mr. Woodward moved to reinstate the cause, upon the affidavit of Colonel D. C. Brent, that he had directed the clerk to enter him security, but the clerk had failed so to do. The clerk stated that Colonel Brent had, in his office, told him he would get security.

Motion refused; the term being passed, and the clerk having no right to judge of the sufficiency of the security offered. It should have been offered to the court. The clerk was in no default.